JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Plaintiff-appellant, Rita J. Calhoun ("Calhoun"), appeals the trial court's decision affirming the arbitration award in favor of defendant-appellee, Michael Drain ("Drain"). For the reasons discussed below, we dismiss for lack of a final appealable order.
 {¶ 3} In 2002, Calhoun filed a legal malpractice claim against Drain, and the matter was referred to arbitration pursuant to Cuyahoga County Court of Common Pleas, General Division, Loc.R. 29. Following the arbitration hearing, the arbitrators found "in favor of Defendant against Plaintiff."
 {¶ 4} Calhoun timely filed an appeal de novo pursuant to Loc.R. 29, and the matter was returned to the court's docket. In March 2004, the trial court held: "As parties agreed to binding arbitration the report and award of arbitrators stands. Court cost assessed as directed." Calhoun appeals this decision, raising thirteen assignments of error.
 {¶ 5} An order is a "final order," subject to appeal under R.C. 2505.02(B), when it may be reviewed, affirmed, modified, or reversed, with or without retrial, when it affects a substantial right in an action that in effect determines the action and prevents a judgment. R.C. 2505.02(B)(1).
 {¶ 6} Here, the language of the trial court's March 2004 entry does not constitute a final appealable order. The entry merely states that the "arbitrators award stands." This language does not set forth a judgment in favor of one party and against another.
 {¶ 7} Moreover, the trial court did not conduct a trial de novo as required by Loc.R. 29, Part VIII(A). Absent any evidence of a party's waiver of the right to appeal, the trial court shall conduct a trial de novo on all issues once a party has timely appealed the arbitrators' award. Loc.R. 29 Part VIII(A)(1) (C). Calhoun, a pro se litigant, timely appealed the award and the case was returned to the docket of the assigned judge; however, a trial de novo was not conducted as required by the court's rules.
 {¶ 8} Therefore, the appeal is dismissed because the language of the March 2004 entry does not create a final appealable order and the trial court did not conduct a trial de novo as required by Loc.R. 29.
Case dismissed for lack of a final appealable order.
It is, therefore, considered that said appellee recover of said appellant the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J. concurs; Dyke, P.J. concurs in judgmentonly.